UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JANET TAYLOR and JAMES NEWLANDS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WALTER KIDDE PORTABLE EQUIPMENT, INC.<br><br>Defendant. | Case No. 1:21-cv-00839-WO-JLW |

## AMENDED JOINT RULE 26(f) REPORT

Plaintiffs Janet Taylor and James Newlands ("Plaintiffs") and Defendant Walter Kidde Portable Equipment, Inc. ("Defendant") jointly submit the following Certification and Amended Report of Fed. R. Civ. P. 26(f) Conference and Discovery Plan:

1. Pursuant to Fed R. Civ. P. 26(f) and L. R. 16.1(c) an Initial Pretrial Conference was held on June 6, 2024 before the Honorable Magistrate Judge Joe L. Webster and was attended by:

    a. ***For Plaintiffs:***
       i. Martha A. Geer

    b. ***For Defendant:***

>           i. Devin S. Anderson
>          ii. Cynthia D. Love
>         iii. Jonathan Schulz

2. **Pending Motions.** There are no Motions currently pending before the Court.

3. **Discovery Plan.** The parties propose to the Court the following discovery plan:

   a. Discovery shall commence upon entry of this Order.

   b. <u>Possible Subjects of Discovery</u>: Subjects on which discovery may be needed, without waiver by any party as to objections to the scope of permissible topics of discovery, include but are not limited to the following:

      1. Matters relating to the issues raised and allegations made in Plaintiffs' Second Amended Complaint;

      2. Matters raised relating to the issues and defenses raised in Defendant's Answer;

      3. Matters relating to class certification, including, among other

2

factual and legal issues, matters relating to numerosity, commonality, typicality, adequacy, predominance, and superiority; and

    4. Any and all matters raised in any of the pleadings as currently pled or as hereafter amended.

c. The parties believe this case is "Exceptional" under LR 26.1, but jointly propose that discovery and motion practice in this case be phased as described below, with Phase I proceeding under the "Standard" process, with one modification.

d. **Class Certification.** The parties agree that class certification should not be addressed until after the first phase of discovery and after the Court has decided any summary judgment motion arising out of that initial discovery phase as described below, and after the completion of the remaining discovery in the second phase of discovery. The parties propose a phased discovery process, which

will best effectuate the purposes of Fed. R. Civ. P. 1:

Phase I of discovery will be limited to discovery concerning existence, efficacy, and adequacy of the recall of fire extinguishers that Defendant announced on November 2, 2017.

The existence and efficacy of Defendant's recall program is a threshold issue. Defendant moved to dismiss this action under Article III and substantive state law based on its argument that the recall provides Plaintiffs with what they claim they are entitled to: a working, redesigned fire extinguisher of like size and function. ECF Nos. 22, 38. The Court denied Defendant's request to dismiss this case on the pleadings in part because "factual issues exist as to the efficacy of Defendant's recall program" that are better "addressed at summary judgment following discovery." ECF No. 46 at 22; *see also* ECF No. 25 at 9-13 (ruling on first motion to dismiss).

The parties therefore propose that the Court phase discovery to resolve initial threshold issues related to the recall, which Defendant contends implicate Article III standing and the merits of Plaintiffs' claims and may obviate

the need for further proceedings. See Fed. R. Civ. P. 26(f)(3)(B) ("A discovery plan must state the parties' views and proposals on . . . whether discovery should be conducted in phases or be limited to or focused on particular issues.") (emphasis added); see also LR 26.1(a) (directing parties to "address whether there is a reason to delay commencement of discovery or to place limits on the scope of discovery for a period of time"). It is well within a district court's discretion to phase discovery to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1; see also Fed. R. Civ. P. 16(c) (stating multiple grounds on which a court may decide to phase discovery). Because Defendant has argued that the recall issue is relevant to Article III standing and the merits of plaintiffs' claims, it is appropriate to address this issue first.

In the event the Court denies Defendant's motion for summary judgment based on the recall, the remaining merits and class discovery could proceed with the benefit of that ruling. If the Court grants summary judgment, both the Court's and the parties' resources will have been conserved.

5

Consistent with this plan, the parties propose the following deadlines for Phase I discovery and further propose that a schedule for Phase II discovery be set following completion of Phase I and any affiliated briefing and rulings. Other than the length of the Phase I discovery period specified below, discovery shall follow the standard case-management track established in LR 26.1.

| Event | Defendant's Proposed Deadline |
|---|---|
| Deadline to exchange initial disclosures | July 15, 2024 |
| Close of Phase I discovery | 150 days after entry of scheduling order |
| Deadline for motions pursuant to Fed. R. Civ. P. 56 | 30 days after close of Phase I discovery |
| Deadline for oppositions to motions pursuant to Fed. R. Civ. P. 56 | 30 days after service of any such motion |
| Deadline for replies in support of motions pursuant to Fed. R. Civ. P. 56 relating to Phase I discovery[1] | 21 days after service of any such oppositions |
| Mediation | 30 days after the completion of briefing on any motions pursuant to Fed. R. Civ. P. 56 |

After the Court's ruling on any potential motions under Federal Rule of Civil Procedure 56, the parties shall meet

---

[1] The parties reserve the right to file a motion for summary judgment after completion of full merits discovery and following Phase II.

6

and confer to reassess the parties' claims and defenses, and to formulate a final discovery plan for any remaining discovery as provided in Rule 26(f). The parties will submit a joint supplemental Rule 26(f) report within 30 days after the Court's ruling, should further discovery be warranted by such order.

   4. **Mediation.**  Mediation should be conducted following completion of the Phase I discovery and 30 days after the completion of briefing on any motion pursuant to Fed. R. Civ. P. 56. The exact date will be set by agreement of the parties after consultation with the mediators. The parties will consult about which mediator to use and will notify the Court of their selection within 30 days after entry of an order on the parties' Rule 26(f) Report.

   5. **Depositions.**  The parties agree to work cooperatively to schedule depositions at convenient times and locations. The parties do not believe it is necessary to deviate from the limitations on depositions set forth in FRCP 30. Each deposition shall be limited to a maximum of seven hours of record time, unless extended by agreement of the parties.

6. **Other Items.**

   a. Plaintiff shall be allowed until July 18, 2024 to join additional parties or amend pleadings.

   b. Defendant shall be allowed until July 31, 2024 to join additional parties or amend pleadings.

   c. The parties have discussed special procedures for managing this case, including reference of the case to a Magistrate Judge on consent of the parties under 28 U.S.C. §§636(c), or appointment of a master and do not consent.

   d. The case shall involve a jury trial for all claims so triable. Future decisions, in particular decisions about class certification and the results of any dispositive motions, may significantly impact trial length. For planning purposes, the parties suggest allotting two weeks for trial (with a pre-trial conference beforehand).

7. **Electronic Service of Discovery.** The parties have agreed that service by email to the following email addresses shall be sufficient for service of discovery requests and responses, and that no paper copies need be mailed. Discovery

shall be considered served when emailed to Defendants at winn.allen@kirkland.com, devin.anderson@kirkland.com, Cynthia.love@kirkland.com, clam@bradley.com, and jschulz@bradley.com. Discovery shall be considered served when emailed to Plaintiffs at ltfisher@bursor.com, lsironski@bursor.com, gcoleman@milberg.com, and mgeer@milberg.com.

    8. **Electronically Stored Information.** The parties have conferred regarding the production of ESI and agree that ESI shall be produced in an electronic format agreed to by the parties pursuant to a to-be-negotiated ESI stipulation. The parties will take reasonable steps to preserve ESI from alteration or destruction. The parties do not anticipate any issues regarding the discovery of ESI.

    9. **Claims of Privilege/Protection of Trial-Preparation Material.** Claims of privilege and protection will be subject to the protective order entered by the Court on January 20, 2023. ECF No. 42.

    10. **L.R. 5.5 Certification.** The parties have discussed the issues of confidentiality raised in this case and the potential need for filing documents under seal. That discussion included the nature of any confidential documents

9

that may be involved in the case, the possibility of using stipulations to avoid the need to file certain documents, and the possibility of agreed-upon redactions of immaterial confidential information in filings to avoid the need for filing documents under seal.

The parties have already filed a separate L.R. 5.5 report. ECF No. 51. That report reflects that the parties agree to use the default procedures of LR 5.4(c) regarding the sealing of documents, except that the parties are contemplating serving briefs and accompanying exhibits without filing until after all briefing is complete, at which point the parties may submit a single motion to seal any confidential items contained within the briefing in a Joint Appendix. Further detail is provided in the already-filed L.R. 5.5 report.

11. **Conference with Court.** The Court conducted a conference on June 18, 2024. In the course of the conference, the parties engaged in further discussions and ultimately made a tentative agreement to have an initial discovery phase addressing only the recall issues. The Court entered an order noting that tentative agreement and ordering the parties to submit an amended joint Rule 26(f) report by 5:00 p.m. June 21, 2024.

12. **Agreements Concerning Extensions of Time.** The parties may agree informally to extend the time for responding to discovery requests, without having to file a motion with the Court, provided that the parties may not, without Court approval, extend the time for completing discovery beyond the date for completion of discovery.

Dated: June 21, 2024   Respectfully submitted,

By: */s/ L. Timothy Fisher*

**BURSOR & FISHER, P.A.**
L. Timothy Fisher (*Appearing by Special Appearance*)
1990 North California Boulevard, Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
Email: ltfisher@bursor.com

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
Martha A. Geer (NC Bar No. 13972)
900 W. Morgan Street
Raleigh, NC 27603
Telephone: (919) 600-5000
Facsimile: (919) 600-5035
Email: mgeer@milberg.com

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
Gregory F. Coleman (*Appearing by Special Appearance*)
800 S. Gay Street, Suite 1100
Knoxville, TN 37929

Telephone: (865) 247-0080
Facsimile: (865) 522-0080
Email: gcoleman@milberg.com

*Attorneys for Plaintiffs*


By: */s/ Christopher C. Lam*

**BRADLEY ARANT BOULT CUMMINGS LLP**
Christopher C. Lam (NC Bar No. 28627)
Jonathan E. Schulz (NC Bar No. 47285)
214 North Tryon Street, Suite 3700
Charlotte, NC 28202
Telephone: (704) 338-6059
Facsimile: (704) 338-6099
Email: clam@bradley.com
Email: jschulz@bradley.com


**KIRKLAND & ELLIS LLP**
K. Winn Allen (*Appearing by Special Appearance*)
Devin S. Anderson (*Appearing by Special Appearance*)
1301 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: 202-389-5198
Email: winn.allen@kirkland.com
Email: devin.anderson@kirkland.com


*Attorneys for Defendant Walter Kidde Portable Equipment, Inc.*